1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   EDWARD HOUSTON,

11          Petitioner,              No. CIV S 09-02645 WBS KJM P

12      vs.

13   GARY SWARTHOUT,

14          Respondent.         <u>FINDINGS AND RECOMMENDATIONS</u>

15   _____/

16          Petitioner is a California prisoner proceeding pro se with an application for writ

17   of habeas corpus under 28 U.S.C. § 2254.  Petitioner challenges the California Board of Parole

18   Hearings' September 13, 2007 decision finding him unsuitable for parole.  Respondent has filed

19   a motion to dismiss petitioner's habeas application as time-barred.

20          The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) has a

21   one-year statute of limitations for habeas cases by persons in custody pursuant to a state court

22   judgment.  28 U.S.C. § 2244(d)(1).  The statute provides as follows:

23          A 1-year period of limitation shall apply to an application for a
            writ of habeas corpus by a person in custody pursuant to the
24          judgment of a State court.  The limitation period shall run from the
            latest of –
25   /////

26   /////

1

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

With respect to denial of parole cases, the limitations period generally commences when the conditions in § 2244(d)(1)(D) have been satisfied. Redd v. McGrath, 343 F.3d 1077, 1081-82 (9th Cir. 2003). Petitioner had no factual predicate arising from the decision to deny him parole until the decision became final. See id. at 1082. In this case, the decision to deny petitioner parole became final on January 11, 2008, Pet., Ex. B at 6, 81, and the limitations period commenced the next day. Absent tolling, the last day for petitioner to file his federal habeas petition was January 11, 2009. Petitioner filed his petition in September 2009. Therefore, absent tolling of the limitations period, the petition is untimely.

Statutory tolling suspends the limitations period for the time during which a "properly filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2). Petitioner filed an application for collateral relief in the Superior Court of Alameda County in late 2008. Mot. to Dismiss, Ex. 1 at 6. It is not clear when the petition was actually filed with the Superior Court but it was signed by petitioner on December 28, 2008. Id. The petition was denied as untimely on March 9, 2009. Id., Ex. 2. Because petitions for state collateral relief deemed untimely are not "properly filed" for purposes of 28 U.S.C. § 2244(d)(2), Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005), the limitations period

1  applicable to this action was not tolled while the Superior Court petition was pending.  There

2  does not appear to be any other arguable statutory basis to toll the limitations period sufficient to

3  save this action.  Petitioner is not entitled to statutory tolling.

4  In his opposition, petitioner acknowledges he is not entitled to statutory tolling

5  but asserts he is entitled to equitable tolling because he "pursued his state court rights and

6  remedies diligently . . . ."  Opp'n at 3:13-15.  Petitioner also argues he should be granted

7  equitable tolling because "California's court timeliness ruling is not adequate under federal law

8  because the principles on which it is based are neither well established nor consistently applied,

9  under California law, both of which are necessary for state law procedural defaults to stand up in

10  federal court."  Id. at 3:16-20 (citing Townsend v. Knowles, 562 F.3d 1200 (9th Cir. 2009), cert.

11  denied, __ U.S. __, 130 S. Ct. 193 (2009)).

12  The statute of limitations may be subject to equitable tolling if a petitioner can

13  demonstrate the existence of "extraordinary circumstances" beyond his control that made it

14  impossible to file his petition on time.  Espinoza-Matthews v. California, 432 F.3d 1021, 1026

15  (9th Cir. 2005).  Petitioner does not point to anything suggesting it was impossible for him to file

16  his habeas petition within the limitations period.  Petitioner's argument that California's

17  inconsistent application of its timeliness rule makes it an inadequate procedural bar is not

18  applicable to an analysis of whether petitioner's habeas petition was filed beyond the applicable

19  statute of limitations.  The "adequacy" analysis is used to decide procedural default issues, not

20  whether a state petition was "properly filed" for the purposes of section 2244(d)(2).  White v.

21  Martel, 601 F.3d 882, 884 (9th Cir. 2010), cert. denied, __ U.S. __, 2010 WL 2998204 (Oct. 4,

22  2010).  Petitioner also is not entitled to equitable tolling.

23  Accordingly, IT IS HEREBY RECOMMENDED that:

24  1.  Respondent's June 24, 2010 motion to dismiss (#14) be granted; and

25  2.  This case be closed.

26  /////

1        These findings and recommendations are submitted to the United States District

2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

3  one days after being served with these findings and recommendations, any party may file written

4  objections with the court and serve a copy on all parties.  Such a document should be captioned

5  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

6  shall be served and filed within fourteen days after service of the objections.  The parties are

7  advised that failure to file objections within the specified time may waive the right to appeal the

8  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

9  DATED:  October 20, 2010.

_____
U.S. MAGISTRATE JUDGE

1/KCTam

hous2645.157

4