IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD HOUSTON,

        Petitioner,              No. CIV-S-09-2645 WBS GGH (TEMP) P

    vs.

GARY SWARTHOUT,

        Respondent.         <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner, a state prisoner proceeding pro se and in forma pauperis, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner was granted leave to file an amended petition on December 2, 2010 by the district court judge assigned to this case. Petitioner filed his amended petition on January 19, 2011.  Under Rule 4 of the Rules Governing § 2254 Cases, the court must conduct a preliminary review of § 2254 habeas petitions and dismiss any petition where it plainly appears that petitioner is not entitled to relief in this court.

        Petitioner challenges the fact the he was denied parole in 2007.  Petitioner asserts under various rubrics that the evidence presented at his parole hearing is not sufficient under the Due Process Clause of the Fourteenth Amendment to sustain his being denied parole.

        On January 24, 2011, the United States Supreme Court in a per curiam decision found that the Ninth Circuit erred in commanding a federal review of the state's application of state law in applying the "some evidence" standard in the parole eligibility habeas context. <u>Swarthout v. Cooke</u>, 502 U.S. \_\_\_, \_\_\_ S. Ct. \_\_\_, 2011 WL 197627 *2 (Jan. 24, 2011).

Quoting, inter alia, Estelle v. McGuire, 502 U.S. 62, 67 (1991), the Supreme Court re-affirmed

that "'federal habeas corpus relief does not lie for errors of state law.'" Id.   While the high court

found that the Ninth Circuit's holding that California law does create a liberty interest in parole

was "a reasonable application of our cases" (while explicitly not reviewing that holding),[1] the

Supreme Court stated:

> When, however, a State creates a liberty interest, the Due Process
> Clause requires fair procedures for its vindication-and federal
> courts will review the application of those constitutionally required
> procedures. In the context of parole, we have held that the
> procedures required are minimal.

Swarthout v. Cooke, at *2.

Citing Greenholtz,[2] the Supreme Court noted it had found under another state's

similar parole statute that a prisoner had "received adequate process" when "allowed an

opportunity to be heard" and "provided a statement of the reasons why parole was denied."

Swarthout, at *2.   Noting their holding therein that "[t]he Constitution [] does not require more,"

the justices in the instances before them, found the prisoners had "received at least this amount of

process: They were allowed to speak at their parole hearings and to contest the evidence against

them, were afforded access to their records in advance, and were notified as to the reasons why

parole was denied." Id.

The Supreme Court was emphatic in asserting "[t]hat should have been the

beginning and the end of the federal habeas courts' inquiry...." Swarthout, at *3.  "It will not do

---

[1] While not specifically overruling Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc), the Supreme Court instead referenced Pearson v. Muntz, 606 F.3d 606 (9th Cir. 2010), which further explained Hayward.  Thus, the Supreme Court's decision in Swarthout, essentially overruled the general premise of Hayward.  When circuit authority is overruled by the Supreme Court, a district court is no longer bound by that authority, and need not wait until the authority is also expressly overruled.  See Miller v. Gammie, 335 F.3d 889, 899-900 (9th Cir. 2003) (en banc).  Furthermore, "circuit precedent, authoritative at the time it was issued, can be effectively overruled by subsequent Supreme Court decisions that 'are closely on point,' even though those decisions do not expressly overrule the prior circuit precedent." Miller, 335 F.3d at 899 (quoting Galbraith v. County of Santa Clara, 307 F.3d 1119, 1123 (9th Cir. 2002)).  Therefore, this court is not bound by Hayward.

[2] Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979).

to pronounce California's 'some evidence' rule to be 'a component' of the liberty interest...." Id. "No opinion of ours supports converting California's "some evidence" rule into a substantive federal requirement." Id. Thus, it appears there is no federal due process requirement for a "some evidence" review and it also appears that federal courts are precluded from review of the state court's application of its "some evidence" standard. Therefore, this case should be dismissed.

Because petitioner fails to allege that he was denied any of the process due under the Fourteenth Amendment at his 2007 parole hearing, his amended petition for writ of habeas corpus must be denied.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1.  Petitioner's application for writ of habeas corpus be denied; and

2.  This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 1, 2011

/s/ Gregory G. Hollows
_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

kc
hous2645.114

3